IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OP ART, INC. and | § | |
| CHARLES M. OPHEIM, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:03-CV-0887-P |
| B.I.G. WHOLESALERS, INC. et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendant Halpern Import Co., Inc.'s ("Halpern") Renewed and Supplemental Motion for Attorneys' Fees and Costs, filed September 8, 2005. After careful consideration of the Parties' briefing and applicable law, the Court hereby GRANTS in PART Halpern's motion.

## PROCEDURAL HISTORY

On February 22, 2005, this Court entered an order granting Halpern's motion for summary judgment in its entirety. On March 2, 2005, Halpern filed a motion for attorneys' fees and costs as the prevailing party in this copyright infringement action, pursuant to 17 U.S.C. § 505.

On March 8, 2005, Plaintiffs filed a motion for reconsideration of the summary judgment order on the basis that Magistrate Judge Kaplan had entered an order allowing Plaintiffs to conduct additional discovery, the subject of which may have caused the Court to reconsider its ruling. On March 18, 2005, the Court denied Plaintiffs' motion for reconsideration, but instructed Plaintiffs that if, after the newly-allowed discovery was complete, they had a legitimate basis for seeking reconsideration of the ruling, the Court would entertain a renewed motion for reconsideration. The

1

Court also denied Halpern's attorneys' fees motion as premature, but held that if it denies a motion for reconsideration from Plaintiffs, Halpern's attorneys' fees motion would become ripe for the Court's consideration.

On October 6, 2005, Plaintiffs filed their "Opposition to Motion for Summary Judgment," which the Court converted to a renewed motion for reconsideration of its summary judgment ruling. The Court denied Plaintiffs' motion on February 1, 2006. The denial of this motion caused Halpern's motion for attorneys' fees to become ripe. It is this motion that is presently before the Court for its consideration.

## DISCUSSION

Halpern seeks to recover $83,246.25 in attorneys' fees and costs incurred litigating and defending itself against the baseless copyright infringement claims brought by Plaintiffs. (*See* Defs.' Reply at 1.) Plaintiffs oppose the motion on the principal ground that it acted in good faith by including Halpern as a party to this lawsuit.

The Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party . . . [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505 (2000). In *Fogerty v. Fantasy, Inc.,* the Supreme Court specifically address the issue of what standards should inform a court's decision to award attorney's fees to a prevailing defendant in a copyright infringement action. 510 U.S. 517, 534-35 (1994). The Court held that "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion. 'There is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised." *Id.* The Supreme Court recognized that courts may consider certain non-exclusive factors such as frivolousness, motivation,

objective unreasonableness (both factually and legally), and the advancement of compensation and deterrence in their attorneys' fees analysis. *Id.* at 535 n.5. In deciding whether to award attorneys' fees, the Fifth Circuit has held that "an award of attorneys' fees in copyright cases is within the discretion of the trial court, but . . . the award of attorneys' fees in copyright cases is the rule rather than the exception, and should be awarded routinely." *Compaq Computer Corp. v. Ergonome, Inc.*, 387 F.3d 403, 411 (5th Cir. 2004); *Positive Black Talk Inc. v. Cash Money Records, Inc.,* 394 F.3d 357 (5th Cir. 2004).

This case is neither large nor complex, yet Plaintiffs' management of this case with respect to Defendant Halpern has caused tremendous delay in the resolution of this case. Plaintiffs filed this case three years ago, in April 2003. On April 5, 2004, counsel for Defendants informed counsel for Plaintiffs that Halpern was not a proper party to the case and provided a declaration from Jay Halpern establishing that Halpern was not an alter ego or single business enterprise with any other defendant in the case. (Defs.' App. at 55.)

In September 2004, Halpern filed a motion for summary judgment. Plaintiffs failed to respond to the motion, which resulted in Halpern's dismissal from this case November 2004.

Shortly thereafter, Plaintiffs filed a motion explaining that they inadvertently failed to file their summary judgment response and requesting relief from the summary judgment ruling. The Court granted Plaintiffs' motion in January 2005 and permitted Plaintiffs to file their summary judgment response. Plaintiffs' response ultimately proved to be baseless and Halpern was again dismissed on February 22, 2005. On March 3, 2005, the Court awarded Halpern its attorneys' fees associated with filing its response to Plaintiffs' motion for relief from judgment and its motion for attorneys' fees.

On March 8, 2005, Plaintiffs tried for a third time to vacate the Court's summary judgment ruling, arguing that discovery permitted by Judge Kaplan could affect the Court's ruling. The Court denied Plaintiffs' motion but held that Plaintiffs would be permitted to reassert their motion if they found that a legitimate basis for reconsideration existed after the discovery was complete. On October 6, 2005, Plaintiffs made a fourth and final attempt to get the Court to reconsider its summary judgment ruling. Yet Plaintiffs' brief did not contain any new evidence that would cause the Court to reconsider.

Despite years of discovery and evidence to the contrary, Plaintiffs relentlessly continued to pursue their claims against Halpern. Plaintiffs' repeated requests for discovery and extensions, as well as their repeated briefing for reconsideration of the summary judgment ruling, caused the Parties' considerable time and expense. They were given every opportunity to develop their case against Halpern and were unable to uncover any evidence to support their allegations. Plaintiffs' argument that they pursued their claims against Halpern in good faith is belied by their repeated failure to uncover any evidence to support their allegations. Even if Plaintiffs had a good faith belief at one time, that time long since passed.

In light of the complete lack of any factual or legal foundation for the allegations against Halpern in this matter, the Court concludes that Halpern should be awarded its reasonable attorneys' fees and costs incurred in defending this lawsuit.

Plaintiffs contend that because there are four defendants in this lawsuit, the fees incurred by Defendants should be divided by four. Plaintiffs refer the Court to certain invoices and a deposition that they contend represents unrecoverable work done on behalf of Defendants J.C. Penney and Stein Mart. However, Plaintiffs have not attached the objectionable exhibits and refer to the exhibits

4

by bates number, rather than appendix page number. Because the Court does not have access to the bates numbers, the Court has no way of locating these documents.

Defendants estimate that Halpern is entitled to recover one-half of all legal fees incurred by Defendants because this case has been handled as a case against Halpern and Playa, and has only minimally involved J.C. Penney or Stein Mart. The only issues relevant to J.C. Penney and Stein Mark are the amounts of profits, if any, they made from the glasses. Defendants contend that one-half of the total fees and costs incurred by Defendants Halpern and Playa prior to the Court's February 22, 2005 order granting Halpern's motion for summary judgment is attributable to the exclusive defense of Halpern. Subsequent to the Court's order, the additional fees and costs requested are those that were incurred in connection with the additional discovery and briefing that concerned Halpern only.

The Court recognizes that the vast majority of the work performed in this case involved issues relating solely to Playa and Halpern. However, the Court also agrees with Plaintiffs that Halpern is not entitled to recover attorneys' fees or costs for work done on behalf of J.C. Penny or Stein Mart. Therefore, the Court hereby instructs Halpern to deduct those fees from the $83,246.25 fee amount requested.

Because Plaintiffs have not disputed Defendants' billing rates, the Court will accept those rates as usual and customary in the field of intellectual property. The Court also accepts Defendants' position that these rates reflect several of the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), including (a) the novelty and complication of the issues; (b) the skill required to properly litigate the issues; (c) the attorneys' customary fees; and (d) the experience, reputation, and ability of the attorneys.

5

Finally, Defendants ask the Court to enhance the lodestar amount. The Supreme Court has held that there is a strong presumption that the lodestar amount is a reasonable fee and that the fee applicant bears the burden of demonstrating that an enhancement "'is necessary to the determination of a reasonable fee.'" *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992) (quoting *Blum v. Stenson,* 465 U.S. 886, 898 (1984)). However, the Court may adjust the lodestar amount up or down in accordance with the relevant *Johnson* factors not already included in the lodestar. *See Shipes v. Trinity Indus.,* 987 F.2d 311, 322 (5th Cir. 1993) (*Shipes II* ), *cert. denied,* 510 U.S. 991 (1993). Halpern contends that the lodestar amount should be enhanced because of the result obtained by counsel.

The Supreme Court has held that the fact that an attorney achieves a positive result for his client is "presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986). The Fifth Circuit further clarified that an enhancement based on this factor is only justified in "rare cases" and when supported by specific evidence. *See Walker v. U.S. Dep't of Housing and Urban Dev.,* 99 F.3d 761, 771-72 (5th Cir. 1996). An enhancement based on the "results obtained," is only appropriate if the applicant demonstrates that it is customary in that field of law for attorneys to charge an additional fee in excess of their hourly rates for an exceptional result. *Id.*

Counsel for Halpern has not made any such showing. Moreover, in light of the relatively straightforward facts and legal issues in this case, counsel for Halpern achieved a result that should have been obtained by any competent attorney. Halpern's counsel did not have to perform any extraordinary work or provide any extraordinary skill to achieve that result. Therefore, the Court

rejects Halpern's request for an enhancement of the lodestar amount.

In sum, the Court hereby GRANTS in PART Halpern's Motion for Attorneys' Fees. Halpern is hereby instructed to identify no later than March 21, 2006 those billing entries that represent work performed by counsel on behalf of J.C. Penny or Playa. Plaintiffs may object or respond to that figure no later than March 24, 2006 at the pretrial conference.

It is SO ORDERED, this 15th day of March 2006.


JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

7