IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OP ART, INC., ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-03-CV-0887-P |
| | § | |
| B.I.G. WHOLESALERS, INC., ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM ORDER

Defendants have filed a motion to compel the production of documents from Schultz & Associates, P.C., the attorneys representing plaintiff in this copyright infringement action.[1] At issue is a Rule 45 subpoena for:

 1. All documents pertaining to the engagement of plaintiff's counsel, including engagement letters and fee agreements;

 2. All document pertaining to billing statements and invoices sent to plaintiff;

 3. All documents pertaining to any fees paid by plaintiff in the present litigation; and

 4. All documents pertaining to any costs paid by plaintiff in the present litigation.

(*See* Def. Mot., Exh. A.). Although plaintiff has provided defendants with a 46-page billing statement detailing the time spent, services performed, and costs incurred by the Schultz firm, defendants seek supporting documentation to verify the accuracy of the billing statement. The

---

[1] Defendants also moved to compel the production of documents from Hitt Gaines, P.C., the attorneys who formerly represented plaintiff in this litigation. After the motion was filed, the Hitt Gaines firm withdrew its objections to the subpoena and produced all responsive documents. (*See* Jt. Stat. Rep., 9/6/06 at 2, ¶ II-C).

Schultz firm objects to the production of any additional documents on relevancy grounds. The issues have been briefed by the parties in a Joint Status Report filed on September 6, 2006, and the motion is ripe for determination.

The court initially observes that the Schultz firm does not argue that any of the subpoenaed documents constitute attorney-client privilege, attorney work product, or are exempt from discovery under any other privilege or immunity. Rather, its sole objection is based on relevance. Without citing any authority, the Schultz firm boldly asserts that "[t]he terms of the financial arrangements between Plaintiff and his counsel are not relevant to whether the amount of time spent by the attorneys in the litigation and trial of this matter is reasonable." (Jt. Stat. Rep., 9/6/06 at 6, ¶ II-D(2)). However, at least one district court in this circuit has held otherwise. *See Consolidated Health Plans, Inc. v. Principal Performance Group, Inc.*, No. Civ. A. 02-1230, 2003 WL 21406181 at *3 (E.D. La. Jun. 16, 2003) (holding that attorney time records and fee agreement with client "is necessary and relevant to the plaintiff's claim for attorney's fees"). Nor is the court convinced that any invoices for attorney's fees and costs that may have been sent to plaintiff have no bearing on whether such fees and costs are reasonable. This is particularly true where, as here, there is some evidence to suggest that the Schultz firm did not contemporaneously record the time spent and services performed in this case.[2]

For these reasons, defendants' motion to compel production of documents relevant to the issue of attorney's fees [Doc. #255] is granted. Schultz & Associates, P.C. shall produce all documents responsive to the Rule 45 subpoena by **September 18, 2006.**

---

[2] In their motion, defendants express doubt as to the veracity of the billing records attached to plaintiff's motion for attorney's fees. (*See* Def. Mot. at 2). Without deciding whether this suspicion is justified, there are enough questions surrounding the issue to merit further discovery. Of particular concern is the fact that the 46-page billing statement submitted by the Schultz firm in support of plaintiff's fee application covers the period from September 16, 2003 through June 9, 2006. (Plf. Fee App., Appx. at 22-67). Yet as recently as September 20, 2005, counsel for plaintiff indicated that it was not possible to quantify the attorney's fees and costs that may be due. (*See* Def. Mot., Exh. C).

SO ORDERED.

DATED: September 8, 2006.

                                                JEFF KAPLAN
                                                UNITED STATES MAGISTRATE JUDGE