IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OP ART, INC. and | § | |
| CHARLES M. OPHEIM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:03-CV-0887-P |
| B.I.G. WHOLESALERS, INC. et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court are (1) Defendants' Renewed Motion under Rule 50(b) for Judgment

as a Matter of Law, filed August 7, 2006; (2) Certain Defendants' Motion for a New Trial or, in the

Alternative, for Remittiturs and to Amend the Final Judgment, filed August 7, 2006; and (3)

Defendant Halpern Import Co.'s Motion to Amend the Final Judgment, filed August 7, 2006. After

careful consideration of the Parties' briefing and the applicable law, the Court hereby DENIES

Defendants' Renewed Motion under Rule 50(b) for Judgment as a Matter of Law, DENIES Certain

Defendants' Motion for a New Trial or, in the Alternative, for Remittiturs, GRANTS in PART and

DENIES in PART Certain Defendants' Motion to Amend the Final Judgment and GRANTS in

PART and DENIES in PART Defendant Halpern Import Co.,'s Motion to Amend the Final

Judgment.

## *RULE 50(b) MOTION FOR JUDGMENT*

At the close of the liability phase of the trial, Defendants B.I.G. Wholesalers, Inc. d/b/a Playa

Del Rey, J.C. Penney Corporation, Inc., and Stein Mart, Inc.'s (collectively "Defendants") moved

under Rule 50(a) for judgment as a matter of law. The Court reserved ruling on Defendants' motion

1

until after the jury's verdict had been rendered. *See* Advisory Committee Notes to 1991 Amendment to Rule 50. A district court may choose not to rule on a directed verdict motion made under Rule 50(a) at the close of the evidence, and may instead, under Rule 50(b), defer its ruling and make a later determination of the legal questions raised by the motion. In such circumstances, the ruling by the district court on the deferred Rule 50 motion, whether by grant or denial, will have the same legal consequence of a ruling by the district court on a post-verdict motion originally brought under Rule 50(b). Because a Rule 50(b) motion is nothing more than a renewal of the earlier motion, it cannot assert a ground that was not included in the earlier motion. *See* C. Wright & A. Miller, Federal Practice and Procedure § 2537 (2d ed. 1986); *Morante v. Am. Gen. Fin. Ctr.*, 157 F.3d 1006, 1010 (5th Cir. 1998); *Allied Bank-West, N.A. v. Stein*, 996 F.2d 111, 115 (5th Cir. 1993). Therefore, a court's deferred consideration effectively converts the Rule 50(a) motion into a post-verdict Rule 50(b) motion. *See Biodex v. Loredan Biomedical*, 946 F.2d 850, 861 (Fed. Cir. 1991); *Merino v. Marchon, Inc.,* No. 92-4662-WDK, 1994 WL 695826, at *4-5 (C.D. Cal. Apr. 4, 1994). Because this Court ruled on Defendants' post-verdict Rule 50 motion, this motion is hereby DENIED as duplicative.

This motion is also DENIED on its merits. The Court reviewed and resolved these issues in its July 20, 2006 order denying Defendants' Renewed Motion for Judgment as a Matter of Law at the Close of Evidence. Defendants have not provided any legal basis or authority to cause the Court to reverse its earlier ruling.

## *MOTION FOR A NEW TRIAL*

A renewed motion for judgment as a matter of law may be joined in the alternative with a motion for new trial under Rule 59. The motions have wholly distinct functions and the two are governed by entirely different standards. Although the evidence may be legally sufficient to take the case to the jury so that a directed verdict is not justified, still a new trial may be warranted where the verdict is against the great weight of the evidence. *See Urti v. Transport Commercial Corp.,* 479 F.2d 766, 768 (5th Cir. 1973). The court has wide discretion to order a new trial whenever prejudicial error has occurred. Among the grounds for a new trial are that the verdict is against the weight of evidence, that the damages are excessive, or for other reasons the trial was not fair. *See Montgomery Ward and Co. v. Duncan*, 311 U.S. 243, 251 (1940).

A.      **Excessiveness of Damages.**

First, Defendants argue they are entitled to a new trial or, in the alternative, a remittitur because the damages awarded by the jury are excessive as a matter of law. Trial courts should employ remittitur for those verdicts that are so large as to be contrary to right reason, whereas a new trial should be ordered when the jury's damage award was infected by passion or prejudice. *See Wells v. Dallas Indep. Sch. Dist.*, 793 F.2d 679, 683-84 (5th Cir. 1986); *Smith v. City of Seven Points*, 608 F. Supp. 458, 463 (E.D. Tex. 1985). However, "at some point on the scale an excessive award becomes so large that it can no longer be considered merely excessive. At that point, when an award is 'so exaggerated as to indicate bias, passion, prejudice, corruption, or other improper motive,' remittitur is inadequate and the only proper remedy is a new trial. *Wells*, 793 F.2d at 684.

Defendants do not argue that the jury's damage award was infected by passion or prejudice. For that reason alone, they are not entitled to a new trial on the basis of excessive damages.

3

Defendants do contend that the jury's failure to apportion the damages to exclude the utilitarian features of the glasses caused the jury to award Plaintiff Charles Opheim ("Plaintiff") an excessive amount.  The Court will address this argument in the interest of completeness.  First, this issue was addressed by the Court in its order denying Defendants' renewed motion for judgment as a matter of law.  Further, contrary to Defendants' argument, the issue is not whether there were pre-existing and utilitarian aspects to the accused glasses.  Rather, the issue is whether Defendants established as a matter of law that Plaintiff were entitled to an apportionment.  Defendants have provided no legal authority establishing that they are entitled as a matter of law to an apportionment. They argued their evidence and legal theories to the jury which declined to accept their arguments. The jury's decision not to apportion damages was due to Defendants' failure to convince the jury that certain elements of the profit were not attributable to the copyrighted design.

## B.     Erroneous Exclusion and Admission of Evidence.

Defendants also argue they are entitled to a new trial because of erroneous evidentiary rulings.  The party seeking a new trial based on an erroneous evidentiary ruling has the burden of proving that the error prejudiced a substantial right of that party.  *See Munn v. Algee*, 924 F.2d 568, 571 (5th Cir.1991); *Dunn v. Consolidated Rail Corp.*, 890 F. Supp. 1262, 1275 (M.D. La. 1995); Fed. R. Civ. P. 61.

### 1.     Forged Documents.

Defendants contend the Court erred by refusing to allow Defendants to introduce two exhibits that would have established a forgery by Opheim on his former business partner. Defendants sought to use these documents to demonstrate that Opheim has the character to forge or falsify copyrighted registration documents.  The Court ruled that the exhibits were inadmissible

4

under Rule 403.  Defendants now argue that the Court's erroneous exclusion of this evidence severely compromised their ability to make a case for copyright invalidity.

First, Defendants have not established that the Court's exclusion of this evidence was erroneous.  The Court found that the prejudicial value of the evidence outweighed its probative value and Defendants have not established that the contrary is true.  Furthermore, even if its exclusion was erroneous, Defendants were allowed to examine Opheim on all other matters related to his ownership  of the copyright, including the circumstances of his creation and ownership of the copyright.  Therefore, the Court finds that Defendants were not prejudiced by the exclusion of Exhibits 1 and 2.

## 2.      Lay Witness Testimony.

Defendants continue to argue that the Court erred in allowing Plaintiff to testify about his lost profits and Defendants' actual profits.  First, Defendants argue they were misled by the Court's ruling that denied as moot Defendants' *Daubert* motion that sought to prevent Opheim from providing *expert* testimony about *Plaintiff's* damages from the infringement.  (February 18, 2005).  Defendants contend that their *reply* brief addressed the issue of whether Opheim qualified as a  lay opinion witness with regard to Defendants' profits.  Defendants maintain they were prejudiced by the Court's ruling that led them to believe that Opheim's lay opinion testimony concerning Defendants' profits had been excluded.

However, Plaintiff points out that in September 2005, Defendants were in possession of Plaintiff's interrogatory responses that described the general methodology by which Opheim intended to calculate Defendants' net profits.  Plaintiff continued to supplement his interrogatories as required.  Therefore, the Court finds that Defendants were on notice before trial that Plaintiff

5

intended to introduce this testimony and therefore, the Court concludes that Defendants were timely notified of Opheim's intention to testify.

Defendants also reiterate their argument that the Court erred in allowing Opheim to testify under Rule 701. The Court ruled on this issue at trial and again in its July 20, 2006 order denying Defendants' renewed motion for judgment as a matter of law. Defendants do not add anything new for the Court to consider and the Court stands by its earlier rulings that the evidence was properly admitted.

### 3. Admission of Late-Filed and Supplemental Trial Exhibits.

Defendants contend that the Court's admission of Plaintiff's late-filed trial exhibits and supplemental trial exhibits unfairly prejudiced Defendants' trial preparation. (Mot. at 10.) Defendants contend that Plaintiff waited until after the Scheduling Order deadline to file certain trial exhibits (*i.e.,* Plaintiff's Exhibits 136-92). They also contend that Plaintiff failed to comply with Local Rule 26.2(b) by failing to file his exhibit list at least three days before the scheduled trial date. Finally, Defendants maintain that Plaintiff filed various supplemental trial exhibits after the Scheduling Order deadline and that those exhibits were a surprise to Defendants.

The Court heard these arguments at trial and determined no harm would result from their admission. Defendants raise no new arguments in their briefing and have provided no explanation for how they were unfairly prejudiced by the exhibits' admission. Therefore, the Court stands by its earlier ruling that the evidence was properly admitted.

### 4. Admission of Evidence Regarding Accused Designs #15, #16, and #17.

Defendants argue that the Court erred by allowing Plaintiff to offer evidence of accused

6

designs #15, #16, and #17 because those designs were not identified or accused of infringement in Plaintiff's interrogatory responses. At trial, the Court heard this argument and found based on the evidence that Defendants had notice that those glasses were part of Plaintiff's claim and that Defendants would not suffer unfair surprise or prejudice by their inclusion in the case. The Court based its ruling on the fact that these three designs were simply color variations of designs that were identified as infringing in Plaintiff's discovery responses. Furthermore, Defendants were aware long before trial that Plaintiff considered these designed to be infringing as evidenced by the fact that Defendants pulled these designs from their inventory, stored them in a box with other accused infringing designs, and did not sell them.

Defendants now argue, without any legal authority, that failure to supplement an interrogatory response requires mandatory preclusion, regardless of notice. Defendants raise no new arguments in their briefing and have not convinced the Court that they were unfairly prejudiced. Therefore, the Court stands by its earlier ruling that the designs were properly included.

Defendants also assert for the first time, and without any evidentiary support, that Plaintiff misrepresented the copyright status of the glasses that design #16 was accused of infringing. Defendants generally contend that the offered design was not copyrighted and therefore, design #16 could not have infringed it. However, Defendants offer no evidentiary materials to support their argument, which they are raising at this stage for the first time. The jury considered all the evidence before it and found that Plaintiffs had a valid copyright on the eyeglasses that design #16 was accused of infringing. Defendants have failed to establish that the product infringed by accused design #16 was not copyrighted and that the jury verdict should be overturned.

5.      **Admission of Evidence After Close of Plaintiff' Case.**

Defendants object to the Court's admission of certain of Plaintiff's trial exhibits after the close of Plaintiff's case because Defendants were not afforded the opportunity to cross-examine witnesses about the authenticity of the exhibits.  Plaintiff points out that the Court allowed Plaintiff to re-open his evidence to admit exhibits that had already been discussed with the Court and had been subject to cross-examination.  Defendants point to no prejudice caused by this admission of evidence and therefore, the Court stands by its earlier ruling that the evidence was properly admitted.

C.      **Erroneous Jury Charge.**

Defendants argue that the Court erred by failing to instruct the jury that copyright protection does not extend to any functional aspects of a useful article and only extends to the artistic portion of the useful article.  They also argue that the Court erred by failing to instruct the jury as a matter of law that the scope of the copyright protection was limited to the painted design on the glasses, but not the utilitarian frames.  However, nowhere in their briefing to Defendants cite to any request for such instructions in the record.  Nor do they cite to any legal authority establishing that the latter is an accurate statement of law or that they are entitled to such instructions.  As stated *supra*, the jury was given the opportunity to apportion damages and it elected not to due to Defendants' failure to convince it that certain elements of the profit were not attributable to the copyrighted design.

Defendants also argue the Court erred by failing to include an instruction in the jury charge that "when performing a striking similarity analysis, commonplace elements must be filtered out and only a comparison of the accused product versus Plaintiff's protectible expression should occur." (Mot. at 15-16.)   The Court considered Defendants' argument at the charge conference and

8

concluded that the issue was already encompassed in the instruction governing original works. The Court concluded that because commonplace elements are unoriginal and therefore, unprotected, it need not include both an originality instruction and a commonplace instruction. (Trial Tr. at 887-90.) Defendants have not presented any new argument that would necessitate a reversal of the Court's earlier ruling and a new trial.

**D.      Plaintiff's Counsel's Alleged Misrepresentations.**

Defendants contend they should be granted a new trial "because of various misrepresentations by Plaintiff's counsel that deprived Defendants of a fair trial." (Mot. at 16.) First, they argue that Plaintiff's counsel improperly questioned the veracity of Stein Mart's Exhibit 47 by accusing Stein Mart's witness of failing or refusing to produce documents underlying the sales numbers contained therein. The Parties disagreed at the time of the questioning and in the presence of the jury about whether those underlying documents were ever requested. Defendants' contention that the Court overruled their objection to the questioning is simply false - in fact, the Court *sustained* Defendants' objection to the questioning pending resolution of the dispute. (Mot. at 17; Trial Tr. 438-39.) Nowhere in Defendants' briefing or at trial did Defendants demonstrate that Plaintiff never sought the underlying documentation and that Plaintiff was making misrepresentations to the Court by stating otherwise. Further, there was no prejudice to Defendants because both parties stated their position in the jury's presence. For these reasons, the Court did not err in refusing to grant Defendants' request for a curative instruction about Plaintiff's counsel's alleged misrepresentation.

Defendants also state that both Plaintiff and his counsel made improper references to alleged discovery abuses and document destruction, thereby entitling them to a new trial. Counsel for

9

Defendants moved for a "curative" instruction as to document destruction because he believed Plaintiff was "attempt[ing] to get an adverse inference." (Trial Tr. at 976.) However, the Court did not give a spoliation instruction, which would have allowed the jury to draw an adverse inference from evidence of the destruction of records. Defendants failed to demonstrate that they were entitled to an instruction stating that the jury may not make an adverse inference from the fact that there was document destruction. The Court stands by its ruling that the jury was entitled to consider and weigh the evidence of document destruction on its own, without any specific instruction telling it what to do. Defendants have provided no argument to warrant the Court's reversal of its ruling denying their request for a "curative" instruction. (Trial Tr. 976.)

## *MOTIONS TO AMEND THE FINAL JUDGMENT*

The Court has reviewed Defendants' motions to amend the final judgment. Based on the Parties' arguments and the applicable law, the Court hereby GRANTS in PART and DENIES in PART Certain Defendants' motion and GRANTS in PART and DENIES in PART Halpern Import Co., Inc.'s motion. The amended final judgment will be filed concurrently herewith.

## *CONCLUSION*

After careful consideration of the Parties' briefing and the applicable law, the Court hereby DENIES Defendants' Renewed Motion under Rule 50(b) for Judgment as a Matter of Law, DENIES Certain Defendants' Motion for a New Trial or, in the Alternative, for Remittiturs, GRANTS in PART and DENIES in PART Certain Defendants' Motion to Amend the Final Judgment and GRANTS in PART and DENIES in PART Defendant Halpern Import Co.,'s Motion to Amend the Final Judgment.

**IT IS SO ORDERED.**

Signed this 17th day of November 2006.


_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE